IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

REBECCA BEALL,                    *

  Plaintiff,              *

   v.                 *      CIVIL NO.: WDQ-09-1131

THYSSENKRUPP ELEVATOR             *
CORPORATION, *et al.*,
                                  *
  Defendants.             
                                  *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

MEMORANDUM OPINION

  Rebecca Beall sued Thyssenkrupp Elevator Corporation ("Thyssenkrupp"), the Mayor and City Council of Ocean City, Maryland ("City"), the Town of Ocean City, Maryland, and the Ocean City Convention & Visitors Bureau, Inc. for negligence. Pending is the City's motions for summary judgment and to modify the scheduling order. For the following reasons, the City's motion for summary judgment will be granted, and its motion to modify the scheduling order will be denied as moot.

I. Background

  On May 5, 2006, Beall was attending a band competition at the Ocean City Convention Center. Am. Compl. ¶ 10. She was traveling up an escalator maintained by Thyssenkrupp when it stopped and reversed direction. *Id.* ¶ 12. As a result, Beall fell, other people fell on her, and she was injured. *Id.* ¶ 13,

18-20.

On May 1, 2009, Beall filed this suit.  Paper No. 1.  On May 27, 2009, Thyssenkrupp filed a cross-claim against the Mayor and City Council of Ocean City, the Town of Ocean City, and the Ocean City Convention & Visitors Bureau, Inc. for contribution or indemnification.  Paper No. 5.  On June 11, 2009, Beall filed an Amended Complaint against only Thyssenkrupp and the Mayor and City Council.[1]  Paper No. 9.  On June 17, 2009, the Mayor and City Council filed a counter cross-claim against Thyssenkrupp for contribution or indemnification.  Paper No. 13.

On July 9, 2009, the Mayor and City Council moved for summary judgment.  Paper No. 17.  On July 13, 2009, the Court approved Beall's, Thyssenkrupp's, and the Mayor and City Council's stipulation to dismiss the Town of Ocean City and Ocean City Convention & Visitors Bureau, Inc.  Paper No. 18.  On July 16, 2009, the Court entered a scheduling order.  Paper No. 19.  On July 21, 2009, the City moved to modify the scheduling order.  Paper No. 20.

II.  Analysis

    A.   Standard of Review

        Rule 56(c) permits summary judgment when there is no genuine

---

[1] The Clerk of Court considered the Amended Complaint improperly filed because Beall had not sought leave of Court to file; Thyssenkrupp answered the Amended Complaint.  Docket No. 9.  Because the Defendants consented to the amendment, Am. Compl. ¶ 1, and answered it, the Court will allow the amendment.

issue of material fact, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Court must view the facts and reasonable inferences therefrom "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)). The opposing party, however, must produce evidence upon which a reasonable factfinder could rely. *Celotex*, 477 U.S. at 324. A mere "scintilla" of evidence is insufficient to preclude summary judgment. *Anderson*, 477 U.S. at 252.

B.   Governmental Immunity

A local government entity may be liable in tort if the tort occurs "while the entity is acting in a private or proprietary capacity," but is immune if it was acting in its "governmental capacity." *Bagheri v. Montgomery County*, 180 Md. App. 93, 96, 949 A.2d 1, 2 (Ct. Spec. App. 2008); *Mayor and City Council of Baltimore v. Whalen*, 395 Md. 154, 163, 909 A.2d 683, 688-89 (2006). A municipality is immune if the negligent act was committed "in the course of the performance of a purely

governmental duty which had been imposed upon the municipality as a governmental or public agency by legislative enactment." *Whalen*, 395 Md. at 163, 909 A.2d at 688.  In contrast, a tort committed during the performance of a duty relating "to the local or special interests of the municipality" is done in the city's "corporate capacity."  *Id.*, 909 A.2d at 689 (*quoting Eagers v. City of Baltimore*, 167 Md. 128, 135, 173 A. 56, 59 (1934)).

An act is considered governmental when it "is sanctioned by legislative authority, is solely for the public benefit," not for profit, "tends to benefit the public health and promote the welfare of the whole public," and has "no element of private interest."[2]  *Bagheri*, 180 Md. App. at 96, 949 A.2d at 2-3; *Rios v. Montgomery County*, 386 Md. 104, 128-29, 872 A.2d 1, 15 (2005). It is "often difficult" to determine whether a duty is governmental or private.  *Whalen*, 395 Md. at 164, 909 A.2d at 689.

The City has a statutory duty to "administer and operate the Ocean City Convention Hall."[3]  MD. ANN. CODE art. 41, § 14-701(a).

---

[2] For example, the operation of a public park, day camp, town pool, or courthouse is considered a governmental function. *Bagheri*, 180 Md. App. at 97, 949 A.2d at 3 (*quoting Eagers*, 167 Md. at 136, 173 A. at 59); *accord Whalen*, 395 Md. at 169, 909 A.2d at 692 (Baltimore City was acting in its governmental capacity because it was statutorily required to maintain and operate parks).

[3] *See also Algave v. Mayor and City Council of Ocean City*, 5 F. Supp. 2d 354, 356 (D. Md. 1998) (Ocean City was immune in part because it had legislative authority to operate recreational

The Convention Center loses more than $2 million per year.[4]
Martha B. Lucey Aff. ¶¶ 6-8, 13-17, July 6, 2009.  It receives
grants from the state and City.  *Id.* ¶ 8.  As a site of
conventions, fairs, and similar events, the Convention Center
promotes the public welfare.[5]  The City has satisfied the
criteria for governmental immunity.

However, Beall argues that there is no immunity because the
escalator was a public way.[6]  Pl. Opp. at 6-8.  A "municipality
has a 'private proprietary obligation'" to protect individuals
"who are physically within the bounds of a public way from
hazards . . . which may come from outside the boundaries of the
public way."  *Bagheri*, 180 Md. App. at 97, 949 A.2d at 3 (*quoting*

---

facilities).

[4] Beall concedes that the Convention Center is unprofitable,
but argues that the City profits from tourism the Convention
Center attracts.  Pl. Opp. at 9-11.  The City's profitability
does not alter the Convention Center's nonprofit, government
character.  *See, e.g.*, *Algave*, 5 F. Supp. 2d at 356; *Town of
Brunswick v. Hyatt*, 91 Md. App. 555, 564-68, 605 A.2d 620, 625-26
(Ct. Spec. App. 1992); *Abrams v. City of Rockville*, 88 Md. App.
588, 604, 596 A.2d 116, 123 (Ct. Spec. App. 1991); *Burns v. Mayor
and City Council of Rockville*, 71 Md. App. 293, 525 A.2d 255
(1987).

[5] Beall argues that the Convention Center does not operate
for the public benefit because unlike a public park or pool, "the
general public cannot simply enter the Convention Center and use
its facilities or banquet rooms on a daily basis."  Pl. Opp. at
9.  Beall has not cited any authority--and the Court does not
believe--that this distinction is material.

[6] She relies on *Eagers*, which involved the removal of a tree
over a public sidewalk.  167 Md. 128, 173 A. 56.

Karen J. Kruger, *Governmental Immunity in Maryland: A Practicioners Guide to Making and Defending Tort Claims*, 36 U. BALT. L. REV. 37, 66-67 (2006)).  Thus, a municipality may be liable for negligently maintaining its streets, highways, sidewalks, and footways.  *Id.; Higgins v. City of Rockville*, 86 Md. App. 670, 678-80, 587 A.2d 1168, 1172-73 (Ct. Spec. App. 1991).

Maryland courts have not extended the "public way" exception to accidents in city or county buildings involving a parking garage, gymnasium, courthouse, and the ballet.  *See Bagheri*, 180 Md. App. 93, 949 A.2d 1 (Montgomery County parking garage)[7]; *Algave*, 5 F. Supp. 2d 354 (Ocean City gymnasium)[8]; *Heffner v.*

---

[7] In *Bagheri*, the appellant tripped and fell in a parking garage owned by Montgomery County, and claimed that the County was negligent in maintaining the garage.  180 Md. App. at 95, 949 A.2d at 2.  The Court of Special Appeals rejected a "public travel" exception to governmental immunity.  *Id.* at 98, 949 A.2d at 4.  The court distinguished *Eagers* and *Higgins* because those cases involved accidents on sidewalks and streets.  180 Md. App. at 101, 949 A.2d at 5.
The court stated that whether "an accident occurs 'in an area of public travel' is not determinative of the question of whether a municipality was engaged in a proprietary function." *Id.*  Rather, the court, citing *Heffner* and *Burns*, noted that not all areas of public travel are "public ways."  *Id.* at 101-02, 949 A.2d at 6.  Otherwise, the *Bagheri* court noted, "we would have to greatly expand the 'street, sidewalk, footway' exception" to governmental immunity.  *Id.* at 102, 949 A.2d at 6.

[8] In *Algave*, the plaintiff slipped on a puddle inside a gymnasium operated by the Recreation and Parks Division of Ocean City.  5 F. Supp. 2d at 355.  The court held that the City was immune because (1) "operation of recreational facilities" is governmental, (2) the City had legislative authority "to establish and maintain . . . recreational facilities," (3) the

*Montgomery County*, 76 Md. App. 328, 545 A.2d 67 (1988) (Montgomery County Judicial Center); *Burns*, 71 Md. App. 293, 525 A.2d 255 (Rockville Ballet).  Accordingly, the Convention Center escalator is not a public way, and the City is immune.[9]

  C. Scheduling Order

  The City moved to amend the scheduling order (Paper No. 19) to delay the start of discovery pending this ruling.  Paper No. 20.  Because summary judgment will be entered for the City, this motion will be denied as moot.

III. Conclusion

  For the reasons stated above, the City's motion for summary judgment will be granted, and its motion to modify the scheduling order will be denied.


<u>September 3, 2009</u>      <u>   /s/     </u>
Date            William D. Quarles, Jr.
              United States District Judge

---

gym was financed through municipal bonds, and (4) it operated at an annual loss.  *Id.* at 356 (*quoting* Ocean City Code, § C-414(46)).

 [9] Beall also argues that the City is not immune because it owed a heightened standard of care as the operator of a common carrier.  Pl. Opp. at 3-8.  Her argument is undercut by *Pavelka v. Carter*, in which the United States Court of Appeals for the Fourth Circuit held that under Maryland law, Montgomery County--as operator of the Ride-On bus service--was immune from a suit arising out of an accident involving a bus.  996 F.2d 645 (4th Cir. 1993).